## HAGGARD v. ATLEE.

A usurious contract, under the statute of Iowa, is not void.
Where the plea of usury is withdrawn, and the same question is raised on demurer to the declaration, by consent of parties; the plaintiff in error cannot afterwards object to that method of disposing of the question.

ERROR, *to Lee District Court.*

*J. W. Grimes,* for the plaintiff in error, referred to 15 Petersdorff's Abt., 215; 3 Scam., 388; *Crawford* v. *Harvey,* 1 Blackf., 382.

*J. C. Hall* and *C. Walker,* for the defendant. Demurrer is a proper mode of defence. 1 Saund., 225. A contract made against law is void; and the note upon its face shows the illegal character of the transaction. 2 Peters., 538; 15 Mass. 35; 17 *id.,* 258; 1 Pick., 53.

*Opinion by* WILSON, J. . This was an action of assumpsit, brought by Haggard, as assignee of Simmons, against Atlee, on the following promissory note, viz.: "Fort Madison, August 2, 1843. For value received, I promise to pay H. L. Simmons, or bearer, the sum of two hundred dollars, with twenty per cent. interest, until paid; this note to be paid six months from date. (Signed) J. R. ATLEE." ·

On the 5th of August, 1843, the note was assigned by Simmons to Haggard, by endorsement.

A general demurrer to the plaintiff's declaration was filed by the defendants, and sustained by the court. A writ of error was sued out to the judgment of the court, sustaining the demurrer.

The objection to the declaration aimed at by the demurrer, is, that the contract was for the payment of usurious interest, and is therefore void.

Haggard *v.* Atlee.

The plaintiff in error contends, 1. That the court erred in deciding the contract to be void.

2. That this objection should have been presented to the court by the plea of usury, and not in a demurrer to the declaration. We will proceed to examine these questions, and;

1. Was the contract void, because usurious interest was stipulated for?

The statute regulating interest on money fixes the legal rate of interest at six per cent., and enacts : (*a*) "Sec. 4. No person shall, directly or indirectly, take or receive in money, goods, or things in action, or in any other manner, any greater sum or value, for the loan or forbearance of any money, goods, or .things in action, than is in this act prescribed.

"Sec. 5. Every person who, for any such loan or forbearance, shall pay any greater sum or value than is in this act allowed to be received, he or his personal representatives may recover in an action against the person who shall have taken or received the .same, or his personal representatives, the amount of money so paid, or value delivered, above the rate aforesaid, if such action be brought within one year after such payment or delivery.

"Sec. 6. Every person offending against the provisions of this act shall be compelled to answer on oath any bill that may be exhibited against him in chancery, for the discovery of any such sum of money, goods, or things in action, so taken, accepted, or received in violation of the provisions of this act, or any of them."

It will be perceived that the statute does not, as do the statutes of some of the states, declare a contract calling for usurious interest, void, but merely provides that more than six per cent, shall not be taken, and authorizes the person who has paid usurious interest, to recover from the receiver of it, the amount paid above the rate fixed by law. Nor does the statute of Iowa, like that of some other states, enact that no usurious contract shall be made. It merely says that no creditor shall,

(*a*) See *Rev. Stat.* 294. The second section authorizes parties to agree in writing for the payment of interest not exceeding ten per cent.

on any contract, &c., take and receive above six per cent. interest, and prescribes as a sanction to the law, a liability on the part of the person receiving the interest, to the suit of the person paying it, for the recovery of the amount paid over and above the legal rate of interest. Did the statute declare usurious contracts void, the court would be compelled so to declare them, and to dismiss any suit brought to enforce them whenever the usuriousness was properly made to appear to the court. Farther, if the statute prohibited the *making* of any contract wherein more than the legal rate of interest was reserved, we would have some hesitation in deciding that the courts of the state would be compelled to enforce such a contract, because of its being in violation of a prohibitory statute, although high and paramount authority could be adduced as the basis of such adjudication. In the case of *De Wolf* v. *Johnson*, 10 Wheat. 392, we find a decision of the first question arising in this case. The *lex loci* where the contract in that case was made, after prohibiting the contracting for more than six per centum per annum interest, for the loan of money, &c., affixed as a penalty for taking more than the legal rate of interest, the loss of the interest, a penalty to the amount of the whole interest, and one third of the principal, if sued for within one year. One half of the forfeiture was to the state, and the other half for the use of the person who would prosecute for the same. In that case, it was contended that the court should refuse its aid to the enforcement of the contract, because the contract, although not avoided by law, was prohibited .by it. In deciding this question, the supreme court of the United States, say : "that a court of equity will not lend its aid to an illegal or unconscionable bargain, is true. But the argument carries this principle rather too far as applied to this case. The law of Rhode Island certainly forbids the contract of loan for a greater interest than six per cent., and so far no court would lend its aid to recover such interest. But the law goes no farther ; it does not forbid the contract of loan, nor preclude the recovery of the principal under any circumstances. The sanctions of that law are the loss of the interest, and a

penalty to the amount of the whole interest, and one-third of the principal, if sued for within a year. On what principle could this court add another to the penalties declared by the law itself." No language can be more emphatic than this of the supreme court in the case just alluded to, and we adopt it as expressive of our views in the case before us. Were this court to decide that the contract in this case is void, it would be affixing a new penalty, not found in the law—it would be an act of legislation, when its power is only to declare what the law is. But this is a stronger case against this defendant, than that against the defendant in the case of *De Wolf* v. *Johnson*. In that case, the court declared that the contract should be enforced, although the making of it was prohibited by statute; whereas, in this case, the statute does not prohibit the making of the contract, but merely prohibits the *taking* or *receiving* of more than the legal rate of interest. We are not required either on the one hand to declare the whole contract void, because more than the legal rate of interest is reserved; nor on the contrary, to enforce it according to its terms, and give the plaintiff usurious interest; but it is our duty under the statute, to so enforce it as to give the plaintiff his money with the legal rate of interest, which course the statute does not forbid, and to withhold from him that which is illegal and forbidden.

This contract is not absolutely void; the making of it is not prohibited by statute, nor does its forfeiture accrue to the state or the public. In the latter, where the forfeiture is to the state or the public, it might be more plausibly contended that the contract would be void, than where the statute, as ours does, leaves the matter of forfeiture to rest with the person paying the usury. We have examined all of the authorities to which we had access, cited by counsel for the defendant in error, adduced to support the judgment of the court below, and cannot find in them, nor in others which we have had the opportunity to examine, any case denying or questioning the correctness of the decision of the supreme court of the United States, in the case of *De Wolf* v. *John-*

*son ;* no case wherein it is decided that a contract reserving usurious interest is void, except where such contracts are declared void by statute.

The second point relied upon is, that the objection to the declaration should have been presented by the plea of usury, and not by a demurrer to the declaration.

The plaintiff in error cannot be permitted to urge this objection, because it appears from the record of the proceedings below, that by consent of parties, the defendant was permitted to withdraw his plea of usury, and to present the same question in a demurrer to the plaintiff's declaration.

The decision of the district court of Lee county, declaring the contract void, is set aside ; and the cause is remanded for farther proceedings not inconsistent with this decision.

Judgment reversed.